COMMONWEALTH *vs.* EVELYN A. JOHNSON.

Suffolk.    November 26, 1894. — January 3, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ

*Care of Infants — Notice under Statute.*

The language of St 1892, c. 318, § 7, which requires any person receiving under his care or control, or placing under the care or control of another, for compensation, an infant under two years of age, to give notice within two days to the State Board of Lunacy and Charity, includes any person receiving an infant and any person placing an infant under the care of another, and relates to the reception of one infant, and has no reference to other provisions of the statute which require a license ; and if a mother places her child under the care and control of a person who receives the child and agrees to board, care for, and take control of him, and then receives compensation for his board for the period of ten days, that person violates the statute if he does not give notice to said board within the two days.

COMPLAINT, under St. 1892, c. 318, § 7. At the trial in the Superior Court, before *Braley,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions. The facts appear in the opinion.

*E. B. Powers,* for the defendant.

*M. J. Sughrue,* Second Assistant District Attorney, for the Commonwealth.

FIELD, C. J. It does not appear that the defendant maintained a boarding-house for infants within the meaning of St. 1892, c. 318, §§ 1 and 2.

One contention on the part of the defendant is that the words " any person," etc., at the beginning of § 7 of this statute, must be construed to mean any person who maintains a boarding-house for infants within the meaning of §§ 1 and 2. An examination of the statute convinces us that this is not the meaning. The statute, by § 1, provides that no person shall maintain a board-

ing-house for infants without a license, and prescribes the punishment for maintaining such a boarding-house without a license. Section 2 defines what constitutes maintaining a boarding-house for infants within the meaning of § 1. To maintain such a boarding-house a person must have in his custody and control at one time more than one infant under the age of two years, etc. Sections 3 to 6 inclusive relate to licenses and licensees. Section 7 begins as follows : " Any person receiving under his care or control, or placing under the care or control of another for compensation, an infant under two years of age," etc. ; and it requires such person to give notice to the State Board of Lunacy and Charity within two days of " such reception " of the infant, stating the fact that the infant has been received, and the names, ages, and residences of the infant and of its parents, etc. This language is general, and it includes any person receiving an infant, and any person placing an infant under the care and control of another, and it relates to the reception of one infant, and has no reference to the provisions of the statute requiring a license.

The other contention is that the infant must have been retained by the defendant at least two days before it became her duty to give notice, and that, as the infant was retained only one hour in the custody of the defendant, she did not violate the provisions of the statute by neglecting to give notice. See § 9. The argument is that it could not have been the intention of the Legislature that a notice should be required of any person taking the care or control for hire of an infant under two years of age for a few minutes or hours at the request of its parents or guardian, as this must often occur among people who work, without any intention of giving up the right of control over the infant. It is unnecessary, however, to express any opinion upon such a case. In the case at bar the exceptions recite that one Kate Donovan placed her child under the care and control of the defendant, " who received said child, and agreed to board and care and take control of said child, and then received compensation for its board for the period of ten days." It thus appears that the defendant was in no sense the servant of the mother of the child, and an arrangement had been made for the care and control of the child for at least ten days.

If the child had remained with the defendant more than two days, there would seem to be no doubt that the case was within the statute. We find nothing in the statute which makes a continuance of the care or control of the child for two days a condition on which the duty to give notice depends, and there are reasons why the Legislature might think it best to require the notice without regard to the length of time the child was actually in the control of the person receiving it. A child might die within the two days, and the cause of its death might need to be inquired into. In the case at bar, the defendant delivered the child, within one hour after she received it, to a woman who apparently was a stranger to her, on the statement of the woman that she came from the mother of the child and had authority to take the child. We infer that the mother never received the child. Such a disposition of the child might reasonably be made the subject of inquiry, and for that purpose notice that the child had been received might reasonably be required by the Legislature. If, as the exceptions recite, the defendant acted honestly in delivering up the child, it may be that she ought not to be punished or punished severely; but we are of opinion, on the facts stated, that she violated the statute in not giving notice within the two days.                           *Exceptions overruled.*